IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TAMARKUS LAKEITH WRIGHT, | : | |
| Plaintiff, | : | |
| VS. | : | CASE NO. 5:16-CV-00490-CAR-MSH |
| Warden BRUCE CHATMAN, *et al.*, | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court are Defendants' motion to dismiss (ECF No. 20) and Plaintiff's motion to appoint counsel (ECF No. 25). Additionally, Plaintiff filed an amended complaint (ECF No. 24) which is subject to preliminary review. For the reasons stated below, it is recommended that Defendants' motion to dismiss be granted in part. Plaintiff's motion to amend is granted in part, and Plaintiff's motion to appoint counsel is denied.

## BACKGROUND

Plaintiff filed claims for relief pursuant to 42 U.S.C. § 1983 against multiple defendant officials at Georgia Diagnostic and Classification Prison ("GDCP") arising from Plaintiff's incarceration in the prison's administrative segregation unit. Plaintiff alleges that on September 30, 2012, he was transferred to GDCP from Smith State Prison ("SSP") and was placed in administrative segregation at GDCP upon arrival. Compl. 6, ECF No. 1.

Plaintiff contends that Defendants Bishop, McMillian, Powell, and Logan participated in a housing classification hearing in November 2013 regarding Plaintiff's segregation. *Id.* Plaintiff avers that Defendants did not provide him a basis or expected duration for his confinement in segregation. *Id.* Plaintiff alleges that Defendants participated in similar classification hearings throughout the subsequent four years. *Id.* Plaintiff states that all of the classification hearings in which Defendants participated were "meaningless, sham[] and fraudulent," that Plaintiff was not permitted to present evidence in his defense, and that his continued confinement in segregation is arbitrary. *Id.* Plaintiff contends that he has appealed the decisions of the classification hearings but never received a response from Defendants Chatman, McCloud, or Bishop. *Id.* Plaintiff has been confined in segregation at GDCP for four years. *Id.*

## DISCUSSION

**I. Preliminary Review of Plaintiff's Amended Complaint**

Plaintiff's amended complaint (ECF No. 24) was deemed filed on March 29, 2017. While the Court did not receive and docket Plaintiff's amended complaint until April 20, 2017, Plaintiff signed the document on March 29, 2017. Under the mailbox rule, Plaintiff's amended complaint is considered filed on the date it is signed.[1] The Court thus considers the amended complaint to have been filed before Defendant's motion to dismiss (ECF No. 20). Because Plaintiff has not previously amended his original

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.*

2

complaint (ECF No. 1), Plaintiff's amended complaint is an amendment as a matter of right under Federal Rule of Civil Procedure 15(a). Consequently, the complaint is amended, but the amendments are subject to preliminary review.

### A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). When conducting preliminary screening under 28 U.S.C. § 1915A, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). *Pro se* pleadings, like the one in this case, are "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Id.* (internal quotation marks omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks omitted). The Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (internal quotation marks omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (first alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

B.     Time-Barred Claims

In his amended complaint, Plaintiff attempts to add excessive force claims arising from a September 20, 2012 prison riot which occurred while Plaintiff was incarcerated at SSP. Am. Comp. 7-8, ECF No. 24. Plaintiff also asserts new claims against SSP and GDCP defendants for deliberate indifference to medical needs and due process violations surrounding his medical treatment and segregation following the riot. *Id.* at 8-10. Those claims are barred by the applicable statute of limitations ("SOL"), and it is recommended that they be dismissed with prejudice.

It is well settled that the forum state's limitation period applicable to personal injury actions is applied to an action brought pursuant to § 1983. *Wallace v. Kato*, 549 U.S. 384, 386 (2007). The Georgia SOL for personal injury is two years. O.C.G.A. § 9-3-33; *see also Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 865 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years."). A SOL begins to run when a cause of action accrues—in other words, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (internal quotation marks and citation omitted).

Plaintiff's causes of action accrued when the underlying incidents occurred—between September and December 2012, during his incarceration at SSP and GDCP following the prison riot. Am. Compl. 7-10. As a result, the SOL began to run in 2012. *Id.* To comply with the SOL, Plaintiff needed to sign and file a complaint regarding these alleged incidents within two years—sometime in 2014. Plaintiff did not file this action until October 28, 2016—some two years after the statutory time. Compl. 7. Thus, Plaintiff's claims surrounding the incidents in 2012 are barred by the statute of limitations and should be dismissed with prejudice. To the extent that Plaintiff alleges facts during October and December 2012 which are related to his underlying due process claims regarding his segregation appeals at GDCP, those facts may be considered for Plaintiff's existing claims, but no new causes of action for violation of due process may be added due to the SOL.

C. Unrelated Claims

Plaintiff seeks to add tort law and deliberate indifference to medical needs claims surrounding a slip and fall incident which occurred at GDCP in 2015 and 2016. Am. Compl. 15-18. Plaintiff also asserts claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA) arising from his incarceration at GDCP. *Id.* at 18-19. Finally, Plaintiff alleges that in 2015 he was denied access to a law library for his "habeas corpus hearing on September 21, 2015" while incarcerated at GDCP. *Id.* at 13-15. These claims are all unrelated to the series of transactions or occurrences underlying Plaintiff's claims of due process violations and should be dismissed without prejudice.

A § 1983 plaintiff may set forth only related claims in one civil rights complaint. He may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)-(B). "[A] claim arises out of the same transaction or occurrence if there is a logical relationship between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

Here, Plaintiff fails to demonstrate a "logical relationship" between the many claims he attempts to add and his underlying due process claims. Plaintiff's deliberate indifference and tort law claims regarding his slip and fall incident arise from a distinct set of facts from the segregation hearings underlying his due process claims. *Id.* at 15-17. Plaintiff's RLUIPA claims and access to courts claim are similarly based upon different

facts than those related to his due process claims.[2] *Id.* at 13-15, 18-19. Plaintiff's tort law, deliberate indifference, access to courts, and RLUIPA claims should thus be dismissed without prejudice. *See* Fed. R. Civ. P. 21; *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844–45 (3d Cir. 2006) ("district judges have discretion to remedy misjoinders either by severing claims or dismissing them without prejudice").

D. Due Process Claims

In his initial complaint (ECF No. 1), Plaintiff alleges that Defendants violated his due process rights by confining him to long-term administrative segregation without the proper procedural protections. Compl. 6. After a preliminary review of Plaintiff's complaint, the Court permitted Plaintiff's claims for both procedural and substantive due process to proceed. Order 4-6, Feb. 6, 2017, ECF No. 5. In his amended complaint, Plaintiff now alleges additional facts supporting his due process claims. Am. Compl. 10-13. Plaintiff alleges that he has been housed in segregation for four years. Because the Court previously permitted Plaintiff's due process claims to proceed for further factual development, Plaintiff's additional facts surrounding these claims, which he seeks to add in his amended complaint (ECF No. 24), will be considered.

Plaintiff names new defendants regarding his due process allegations: Superintendent Michael Cannon, Deputy Warden Caldwell, Commissioner Homer Bryson, Tier Segregation Program Director Betty Dean, Regional Director Rick Jacobs, Assistant Commissioner Timothy Ward, and Regional Director Victor Walker.

---

[2] Plaintiff claims that he was denied access to courts in relation to a September 21, 2015 state habeas proceeding.

7

Accordingly, it is hereby ordered that service be made on all five Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### E.  Proposed Temporary Restraining Order

Plaintiff includes a proposed temporary restraining order ("TRO") within his amended complaint, seeking to require Defendants to provide him medical treatment based upon his medical indifference claims. T.R.O. 1-2, ECF No. 24-1. Such relief is only appropriate where the movant demonstrates that: (a) there is a substantial likelihood of success on the merits; (b) the preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that a preliminary injunction would cause to the non-movant; and (d) the preliminary injunction would not be adverse to the public interest. *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). An irreparable injury "must be neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citations omitted). As detailed above, the Court recommends that Plaintiff's medical indifference claims be dismissed. Therefore, Plaintiff has failed to show a "substantial likelihood of success on the merits." Accordingly, it is recommended that Plaintiff's proposed injunctive relief (ECF No. 24-1) be denied.

## II. Defendants' Motion to Dismiss

Defendants Chatman, Bishop, Powell, McMillian, Logan, and McCloud move to dismiss Plaintiff's claims on multiple grounds. Br. in Supp. of Mot. to Dismiss 2-20, ECF No. 20-1. Plaintiff did not respond to Defendants' motion, but rather filed an amended complaint (ECF No. 24).

### A. Exhaustion of Administrative Remedies

Defendants move to dismiss much of Plaintiff's complaint by claiming that Plaintiff failed to exhaust his administrative remedies prior to filing this action. Br. in Supp. of Mot. to Dismiss 3-9. As explained below, Plaintiff failed to exhaust thirteen of his fourteen housing classification appeals which form the basis of his procedural due process claim. Therefore the Court recommends that all of Plaintiff's procedural due process claims related to his unexhausted appeals be dismissed.

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule

12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

Defendants move to dismiss for lack of exhaustion claiming that the Georgia Department of Corrections ("GDOC") has a housing classification appeal process which applies to all inmates, but that Plaintiff failed to fully utilize this procedure regarding his claims. Mot. to Dismiss 3-9. Plaintiff does not respond to this motion, but alleges in his amended complaint that Defendants denied him the proper appeal process for his classification assignment by, *inter alia*, presenting false evidence against Plaintiff and failing to properly respond to Plaintiff's appeals. Am. Compl. 10-11. Plaintiff thus contends that he exhausted his administrative remedies. Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's complaint cannot be dismissed for lack of exhaustion at this first step. *Turner*,

541 F.3d at 1082; *see also Dollar v. Coweta Cty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Since the complaint was not dismissed at the first step, the Court can make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Court makes the following factual findings and determines that Defendants have met their burden regarding thirteen of Plaintiff's fourteen housing classification appeals.

GDCP follows GDOC's standard operating procedures ("SOPs") regarding inmates' appeals of administrative segregation housing assignments. Whiters Aff. ¶ 14, ECF No. 20-2; Attachs. A-1 to A-4, ECF Nos. 20-3 to 20-6. Inmates in Tier II administrative segregation follow a particular housing review and appeal process. Whiters Aff. ¶ 15. Within ninety-six hours of an inmate's assignment to Tier II administrative segregation, the inmate has a formal hearing with the Classification Committee to determine whether the inmate's classification is justified. *Id.* at ¶ 16; Attach. A-2 at 7, ECF No. 20-4. Every ninety days thereafter, the Classification Committee conducts an informal hearing to review the inmate's classification and determine whether the inmate should remain in segregation. Whiters Aff. at ¶ 16; Attach. A-2 at 10-12. An inmate may appeal a decision of the Classification Committee by submitting to his assigned counselor a written objection specifying reasons for appeal within three days of his receipt of the Classifications Committee's decision. Whiters Aff. ¶¶ 17-19; Attach. A-2 at 7-8. Within fourteen days of the inmate's appeal, the Facilities Director reviews the reasons for appeal and issues a final decision regarding the inmate's

housing segregation status. Whiters Aff. ¶ 20; Attach. A-2 at 8. GDCP also follows GDOC's SOPs regarding inmate grievances. Whiters Aff. ¶ 21; Attach. A-5, ECF No. 20-7. However, an inmate's assignment to administrative segregation is non-grievable under the grievance SOPs because GDOC maintains the separate housing appeal process for such an issue. Whiters Aff. ¶ 23; Attach. A-5 at 6.

On September 21, 2012, Plaintiff was assigned to Tier II administrative segregation at SSP due to an "assault on staff with injuries." Whiters Aff. ¶ 36; Attach. A-8 at 31-32, ECF No. 20-10. At his classification hearing on the same day, Plaintiff demanded his property and a grievance, but Plaintiff did not appeal this initial assignment. Whiters Aff. ¶¶ 36. Plaintiff was also transferred from SSP to GDCP on the same day. *Id.* at ¶ 37. Plaintiff attended fourteen other classification hearings from September 24, 2012 to October 4, 2016 regarding his Tier II administrative segregation status. *Id.* at ¶ 38; Attach. A-8 at 3-30. Plaintiff only appealed the decisions of two of his classification hearings. Whiters Aff. at ¶ 38; Attach. A-8 at 11, 17-18. On August 6, 2015, Plaintiff appealed a June 8, 2015 Classification Committee decision to move Plaintiff to a different stage in Tier II administrative segregation, stating that he was deprived of due process because he was not "found guilty at any hearing for any allege[d] disciplinary act." *Id.* at 17, 22. On August 10, 2015, Plaintiff's appeal was denied. *Id.* at 18. On October 4, 2016, Plaintiff appealed a Classification Committee decision made on the same day to move Plaintiff to another stage of administrative segregation, stating that he had not been given reasons justifying his remaining in the previous stage for nine months. *Id.* at 9, 11. On October 7, 2016, Plaintiff's appeal was denied. *Id.* at 11.

On March 10, 2014, Plaintiff filed grievance 169967 complaining that his due process rights had been violated by his confinement in segregation. Attach. A-9 at 2, ECF No. 20-11. Plaintiff's grievance was denied on April 17, 2014 because housing classification is non-grievable under the typical grievance SOPs. *Id.* On February 10, 2016, Plaintiff filed grievance 214209 complaining that the judge who sentenced him during his criminal proceedings issued him a "fraudulent final disposition felony confinement form" and demanding that prison officials recommend his release to the parole board and contact his attorney. Attach. A-10 at 2, ECF No. 20-12. Plaintiff's grievance was denied on March 7, 2016 because the issue was outside the purview of GDOC control. *Id.*

The Court finds that Plaintiff filed two appeals of the Classification Committee hearing decisions and two grievances prior to filing this action. Attach. A-8 at 11, 17; Attach. A-9 at 2; Attach. A-10 at 2. Plaintiff did not appeal his twelve other Classification Committee hearing decisions. *See generally* Attach A-8. Plaintiff's August 6, 2015 appeal of the June 8, 2015 hearing decision was improper because it was filed long after the three-day deadline required for appeals. *Id.* at 17-18, 22. Grievance 169967 was improper because Plaintiff grieved issues regarding his housing segregation assignment which may only be grieved under the GDOC administrative segregation appeal SOPs rather than the normal grievance SOPs. Whiters Aff. ¶¶ 14, 23; Attach. A-5 at 6. Grievance 214209 was also improper because Plaintiff attempted to grieve issues regarding his criminal sentencing which are outside GDOC's authority.

13

"To properly exhaust, a prisoner must '[c]ompl[y] with prison grievance procedures.'" *Whatley v. Warden, Ware State Prison,* 802 F.3d 1205, 1208 (11th Cir. 2015) (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007)). Because Plaintiff improperly raised his due process issues in his August 6, 2015 Classification Committee decision appeal and two grievances, the claims included therein were not exhausted before Plaintiff filed this action. Plaintiff also failed to exhaust his due process claims stemming from his twelve other Classification Committee decisions by failing to appeal those decisions.[3] Plaintiff thus only exhausted his due process claims surrounding his October 4, 2016 appeal of the Classification Committee decision. Consequently, the Court recommends that all of Plaintiff's other due process claims be dismissed.

B.   Official Capacity Claims

Defendants argue that Plaintiff's claims against Defendants in their official capacities are barred by the Eleventh Amendment. Br. in Supp. of Mot. to Dismiss 17. The Court agrees. Defendants are employees of the Georgia Department of Corrections ("GDOC"). GDOC employees are entitled to Eleventh Amendment immunity for claims in their official capacities. "Official capacity suits for damages against employees of a state agency are suits against the state agency." *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006). "A suit against a governmental entity which is considered an 'arm of the state'—such as the GDOC—is a suit against the State." *Id.* (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). "[T]he Eleventh

---

[3]   Because of the SOL issues discussed above, any claims arising from Plaintiff's Classification Committee hearings held before October 28, 2014—two years before Plaintiff filed his complaint (ECF No. 1)—would also be barred.

Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the GDOC unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Ferguson*, 428 F. Supp. 2d at 1352. Plaintiff's claims against the Defendants in their official capacities for monetary damages are barred by the Eleventh Amendment and Plaintiff cannot recover monetary damages against the Defendants in their official capacities; it is therefore recommended that Defendants' motion to dismiss (ECF No. 20) be granted as to the official capacity claims against them.

Additionally, GDOC employees, as state officials acting in their official capacities, are not considered "persons" for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Ferguson*, 428 F. Supp. 2d at 1352-53. Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for the denial of Plaintiff's claims. *Will*, 491 U.S. at 71. It is therefore recommended that Plaintiff's claims against Defendants in their official capacities be dismissed.

### C. Individual Capacity Claims—*Respondeat Superior* Liability and Qualified Immunity

Defendants argue that Defendants Chatman and McCloud cannot be held liable under § 1983 under a theory of *respondeat superior* liability. Br. in Supp. of Mot. to Dismiss 10-13. Defendants base these arguments on Plaintiff's original complaint (ECF No. 1). The Court recommends that this portion of Defendants' motion to dismiss be denied because Plaintiff asserts new allegations regarding his due process claims in his

amended complaint (ECF No. 24). While Plaintiff's amended complaint was not docketed until April 20, 2017—after Defendants' April 14, 2017 motion to dismiss—Plaintiff's amended complaint was signed and thus deemed filed on March 29, 2017—before Defendant's motion to dismiss was filed. Defendants may raise similar arguments which take into account Plaintiff's amended complaint in a consolidated motion to dismiss including the newly added defendants.

Defendants also argue that Defendants are entitled to qualified immunity based on Plaintiff's original complaint. Br. in Supp. of Mot. to Dismiss 13-17. The Court similarly recommends that this portion of Defendants' motion to dismiss be denied with leave to refile. The new defendants listed above in Section I.D. should be served, and the Court recommends that Defendants file a consolidated responsive pleading to Plaintiff's amended complaint.

### III. Plaintiff's Motion to Appoint Counsel

Plaintiff requests that the Court appoint counsel to assist in this case. (ECF No. 155.) Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). Plaintiff has set forth the essential factual

allegations underlying his claims, and the applicable legal doctrines are readily apparent. Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*.

## CONCLUSION

For the foregoing reasons, it is recommended that Defendants' motion to dismiss (ECF No. 20) be granted in part and denied in part. It is recommended that only the due process claims in Plaintiff's amended complaint be allowed to go forward. Plaintiff's motion to appoint counsel (ECF No. 25) is denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 9th day of August, 2017.

                                                  S/Stephen Hyles
                                                  UNITED STATES MAGISTRATE JUDGE