THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TAMARKUS LAKEITH WRIGHT, | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | No. 5:16-cv-490 (CAR) |
| v. | : | |
| | : | |
| Warden BRUCE CHATMAN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER ON PLAINTIFF'S OBJECTION TO THE RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On October 12, 2107, the Court adopted [Doc. 55] the Order and Recommendation of United States Magistrate Judge [Doc. 29]. A day later, on October 13, 2017, the Court received Plaintiff's untimely Objection [Doc. 56]. The Court **CONSTRUES** Plaintiff's Objection as a Motion to File an Out of Time Objection [Doc. 56], which is hereby **GRANTED**. The Court has now fully considered Plaintiff's Objection and the record in this case, and has investigated *de novo* those portions of the Order and Recommendation to which Plaintiff objects.

For the reasons explained below, the Court's Order [Doc. 55] on October 12, 2017, adopting the Order and Recommendation is hereby **VACATED**; the Order and Recommendation [Doc. 29] is **ADOPTED-IN-PART and REJECTED-IN-PART**;

1

Defendants' Motion to Dismiss [Doc. 20] is **GRANTED-IN-PART AND DENIED-IN-PART**; Plaintiff's Motion to Amend [Doc. 24] is **GRANTED-IN-PART AND DENIED-IN-PART**; and Plaintiff's Motion to Appoint Counsel [Doc. 25] is **DENIED.**

As explained below, only Plaintiff's procedural due process claims arising after October 28, 2015, against Defendants Bruce Chatman, June Bishop William Powell, William McMillian,[1] Rufus Logan, Rodney McCloud, Michael Cannon, Caldwell, Betty Dean, Homer Bryson, Victor Walker, Timothy Ward, and Rick Jacob, in their individual capacities and official capacities **may go forward**. All other claims against all other Defendants must be **DISMISSED.**

## BACKGROUND

On October 28, 2016, Plaintiff Tarmarkus Lakeith Wright, filed a Complaint under 42 U.S.C § 1983 alleging Defendants violated his procedural due process rights by confining him to long-term administrative segregation without sufficient procedural protections. Plaintiff named as Defendants Warden Bruce Chatman; Deputy Wardens June Bishop and William Powell; Unit Managers William McMillian and Rufus Logan; and Superintendent Rodney McCloud. Plaintiff seeks punitive and compensatory damages, and declaratory and injunctive relief from Defendants in their individual and official capacities. The Court conducted a frivolity review of Plaintiff's Complaint

---

[1] It appears that William McMillian and James McMillian may be the same person. This should become clear through discovery.

2

pursuant to 28 U.S.C. § 1915A(a) and, construing the allegations liberally in favor of Plaintiff, determined that Plaintiff's due process claims were not entirely frivolous and thus allowed to go forward.

On March 14, 2017, Defendants filed a Motion to Dismiss Plaintiff's claims. Plaintiff did not file a response to Defendants' Motion to Dismiss. Instead, Plaintiff submitted an Amended Complaint attempting to add claims for excessive force, deliberate indifference to medical needs, and violation of his due process rights relating to a 2012 prison riot. Plaintiff also attempts to add a federal deliberate indifference to medical needs claim, and a state law tort claim relating to a slip and fall incident; Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims; and access to the courts claims. Plaintiff asks for a temporary restraining order and adds new facts and Defendants to his original due process claims.

Thereafter, the United States Magistrate Judge issued the Order and Recommendation currently before the Court in which he conducted a preliminary frivolity review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A and addressed Defendant's Motion to Dismiss.

## **DISCUSSION**

The Court will now conduct a *de novo* review of the Order and Recommendation to which Plaintiff objects.

1. **Plaintiff's Claims Newly Raised in his Amended Complaint**

Pursuant to its frivolity review under 28 U.S.C. § 1915A, the Order and Recommendation recommends that (1) Plaintiff's excessive force, deliberate indifference to medical needs, and due process claims relating to the 2012 prison riot be dismissed as time-barred; (2) Plaintiff's tort law and deliberate indifference claims relating to the slip and fall incident, his RLUIPA claims, and his access to the courts claims be dismissed as unrelated his original due process claims; and (3) Plaintiff's proposed temporary restraining order be denied.

   a. **New Claims Relating to 2012 Prison Riot**

The Court is unconvinced by Plaintiff's objection that his excessive force, deliberate indifference to medical needs, and due process claims relating to a 2012 prison riot are not time-barred because they are continuing violations. The continuing violation doctrine allows a plaintiff to sue on a claim that would otherwise be time-barred when the violation has continued into the statutory period. The doctrine does not extend the statute of limitations for the continuing effects of a discrete violation.[2] Additionally, the Eleventh Circuit has limited the continuing violation doctrine "to situations in which a reasonably prudent plaintiff would have been unable to determine

---

[2] *Lee v. Eleventh Judicial Circuit of Florida*, No. 17-10764, 2017 WL 3774525, at *1 (11th Cir. Aug. 31, 2017) (citing *Ctr. For Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006) (affirming the district court's the dismissal of prisoner's § 1983 suit under 28 U.S.C. § 1915A as time-barred)).

that a violation occurred. If an event should have alerted a reasonable plaintiff to assert his rights, then the plaintiff cannot rely on the continuing violation doctrine."[3]

Here, Plaintiff's claims are all based on discrete occurrences which should have alerted him to assert his rights at the time they occurred in 2012. Therefore, Plaintiff cannot use the continuing violation doctrine to save these time-barred claims. "[T]he fact that he may continue to feel their effects does not extend the statute of limitations."[4]

As explained in the Recommendation, although Plaintiff can use facts from this time period to support his original procedural due process claims, he cannot bring these new causes of action because they are barred by the statute of limitations.[5] Thus, Plaintiff's Objection is **OVERRULED**.

### b. New Unrelated Claims

The Court is also unconvinced by Plaintiff's objection that his tort law and deliberate indifference claims relating to the slip and fall incident, his RLUIPA claims, and his access to the courts claims are related to and arise out of the same transaction or occurrence as his original due process claims. As the Recommendation explains, these claims arose from different transactions than his original due process claims and are

---

[3] *Id.*
[4] *Omanwa v. Catoosa Cty., Georgia*, No. 17-11041, 2017 WL 4535856, at *3 (11th Cir. Oct. 11, 2017).
[5] *Bell v. Metro. Atlanta Rapid Transit Auth. (MARTA)*, 521 F. App'x 862, 864 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years.").

5

not sufficiently related to be brought in the same case.[6] Thus, Plaintiff's Objection to the dismissal of his tort law and deliberate indifference claims, his RLUIPA claims, and his access to the courts claims is **OVERRULED**, and these claims are **DISMISSED**.

Finally, the Court agrees with the findings and conclusions of the Order and Recommendation that Plaintiff's proposed temporary restraining order be **DENIED**.

**2. Original Procedural Due Process Claims**

Having disposed of Plaintiff's newly-raised claims in his Amended Complaint, the Court must now address Plaintiff's original procedural due process claims as amended by his Amended Complaint. Defendants seek to dismiss Plaintiff's due process claims for the following reasons: (1) a portion of Plaintiff's claim is barred by the statute of limitations; (2) Plaintiff is not entitled to the relief requested for lack of physical injury; (3) Plaintiff's claims against Defendants Chatman and McCloud fail because they are based on supervisory liability; (4) Defendants are entitled to qualified immunity; (5) Plaintiff's claims against Defendants in their official capacities for monetary damages are barred by the Eleventh Amendment; and (6) Plaintiff failed to exhaust his administrative remedies for 13 out of 14 housing classification hearings.

---

[6] *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (affirming the district court's dismissal of prisoner's § 1983 complaint "because Rule 20(a) of the Federal Rules of Civil Procedure precludes a plaintiff from joining unrelated claims against various defendants unless the claims arose out of the same transaction.").

6

### a. Claims Arising Before October 28, 2015

The Court agrees Plaintiff's due process claims arising from before October 28, 2015, should be dismissed as being time-barred.

### b. Lack of Physical Injury

Defendants argue Plaintiff is not entitled to his requested relief for monetary damages because he lacks the requisite physical injury and because his request for an injunction is improper. However, Plaintiff alleges in his Amended Complaint that he has suffered physical damages as a result of his confinement, and thus his claims for monetary damages can go forward. Moreover, at this point in the proceedings, construing all allegations liberally in favor of the Plaintiff, the Court is unable to say that Plaintiff's request for injunctive relief is entirely frivolous, and will not dismiss it at this time.

### c. Respondeat Superior and Qualified Immunity

The Court agrees with the recommendation to allow Plaintiff's claims against Defendants Chatman and McCloud to continue, as Plaintiff asserts new allegations in his Amended Complaint regarding these Defendants. Similarly, the Court agrees with the recommendation to allow Plaintiff's individual capacity claims to continue due to Plaintiff's new allegations. Therefore, the portions of Defendants' Motion to Dismiss seeking dismissal of Plaintiff's claims against Defendants Chatman and McCloud under

a respondeat superior theory, and seeking dismissal of Plaintiff's individual capacity claims as barred by qualified immunity are denied without prejudice. Defendants may reassert these defenses against Plaintiff's Amended Complaint.

   d. **Official Capacity**

Plaintiff objects to the recommendation to dismiss his official capacity claims as barred by the Eleventh Amendment. Plaintiff argues the Court should allow him to keep all Defendants through discovery so he may determine who is proper. Plaintiff also argues he has sought injunctive and declaratory relief within his Amended Complaint. As fully explained in the Order and Recommendation, claims for monetary damages under Section 1983 against officials in their official capacities are barred by the Eleventh Amendment.[7] **To the extent that Plaintiff is seeking monetary damages** from Defendants in their official capacities, those claims are **DISMISSED**.

However, Plaintiff also seeks injunctive and declaratory relief relating to his due process claims. The Eleventh Amendment does not always prevent injunctive and declaratory relief against officials in their official capacity.[8] "Prospective relief against a state official in his official capacity to prevent future federal constitutional or federal

---

[7] *Ferguson v. Georgia Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006) (dismissing claims for damages under § 1983 against defendants in their official capacities as barred by the Eleventh Amendment).

[8] *Wells v. Columbus Tech. Coll.*, No. 4:11-CV-79 CDL, 2012 WL 1300276, at *4 (M.D. Ga. Apr. 16, 2012), *aff'd*, 510 F. App'x 893 (11th Cir. 2013).

statutory violations is not treated as an action against the state, and such relief is thus not barred by the Eleventh Amendment."[9] In order to determine whether an official capacity suit avoids an Eleventh Amendment bar, the "court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" [10] Here, Plaintiff alleges an ongoing violation of his constitutional rights[11] and seeks prospective relief to remedy this violation. **To the extent that Plaintiff is seeking injunctive relief** from Defendants in their official capacities, those claims **can go forward**.

   e. **Exhaustion of Administrative Remedies**

Finally, Plaintiff objects to the recommendation to dismiss all of his due process claims for failure to exhaust his administrative remedies, except for claims arising from his October 4, 2016 Classification Committee appeal. The Order and Recommendation made factual findings on Plaintiff's exhaustion of his administrative remedies using the Standard Operating Procedure ("SOP") for Tier II Administrative Segregation. As Plaintiff points out, however, he was housed in Tier III, and thus the Tier III SOP

---

[9] *Id.* (citing *Ex parte Young,* 209 U.S. 123 (1908)); see also *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14 (1985).
[10] *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 645 (2002) (alteration in original) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 296 (1997) (O'Connor, J., concurring)).
[11] Although Plaintiff's claims are not ongoing for purposes of extending the statute of limitations, they are ongoing in the sense that he is still currently being housed in administrative segregation allegedly without sufficient procedural protections.

applies to him. It is clear from the forms that Defendants attached to their Motion to Dismiss regarding Plaintiff's Classification Committee Reports that Plaintiff was housed in Tier III, at least since March 11, 2014,[12] and SOP IIB09-0004 governs Tier III not the Tier II SOP that Defendants attached. Without the correct SOP, the Court cannot make the specific factual findings necessary to determine whether Plaintiff failed to exhaust his administrative remedies. Thus, Defendants have failed to carry their burden under *Turner v. Burnside*, and Plaintiff's Objection regarding the dismissal of his procedural due process claims for failure to exhaust is **SUSTAINED**. Defendants' Motion to Dismiss Plaintiff's due process claims for failure to exhaust his housing classification appeals is **DENIED**.

## CONCLUSION

The Court **CONSTRUED** Plaintiff's Objection as a Motion to File an Out of Time Objection [Doc. 56], which is hereby **GRANTED**. For the reasons explained above, the Court's Order [Doc. 55] on October 12, 2017, adopting the Order and Recommendation is hereby **VACATED**; the Order and Recommendation [Doc. 29] is **ADOPTED-IN-PART and REJECTED-IN-PART**; Defendants' Motion to Dismiss [Doc. 20] is

---

[12] On March 11, 2014 the Classification Committee Report states "SMU Policy change to Tier III program. Advised inmate Tier III Protocols and Procedures." Motion to Dismiss [Doc. 20-10] at p. 25. From this date, the heading of the forms is Special Management Unit: Tier III Program, and in the top right-hand corner of these forms they list the SOP as IIB09-0004. *See generally*, Motion to Dismiss [Doc. 20-10].

10

**GRANTED-IN-PART AND DENIED-IN-PART**; Plaintiff's Motion to Amend [Doc. 24] is **GRANTED-IN-PART AND DENIED-IN-PART**; and Plaintiff's Motion to Appoint Counsel [Doc. 25] is **DENIED.**

As a result of the rulings set forth above, only Plaintiff's procedural due process claims arising after October 28, 2015, against Defendants Bruce Chatman, June Bishop William Powell, William McMillian, Rufus Logan, Rodney McCloud, Michael Cannon, Caldwell, Betty Dean, Homer Bryson, Victor Walker, Timothy Ward, and Rick Jacob, in their individual and official capacities—to the extent Plaintiff seeks equitable relief – **may go forward**. All other claims against all other Defendants must be **DISMISSED.**

**SO ORDERED**, this 14th day of November, 2017.

S/ C. Ashley Royal<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT